UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LEE CHURCH,

        Petitioner,

v.　　　　　　　　　　　　　　　　　　Case No. 1:02-cv-231

                                              Hon. Wendell A. Miles

TERRY PITCHER,

        Respondent.

_____/

ORDER VACATING JUDGMENT AND EXTENDING TIME
FOR FILING OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On May 4, 2005, Magistrate Judge Hugh W. Brenneman, Jr., issued a Report and Recommendation ("R & R") recommending that Steven Lee Church's petition for writ of habeas corpus be denied. Judge David W. McKeague agreed with the reasoning and recommended disposition contained in the R & R, and, on June 27, 2005, entered Judgment adopting the R & R as the decision of the court and denying the petition for writ of habeas corpus.[1]

Subsequently, on August 12, 2005, Petitioner filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). Petitioner states that he received the Judgment Order, but claims that he never received the R & R, which resulted in his failure to file objections. He asks the court to vacate the Judgment Order entered on June 27, 2005, and extend the time for filing objections to the R & R.

---

[1] Upon the appointment of Judge McKeague to the Sixth Circuit Court of Appeals, this case was reassigned for all further proceedings. See Administrative Order 05-087 (dkt. #45).

Dockets.Justia.com

The court's docket sheet shows that on April 9, 2002, when Petitioner filed his petition, he was incarcerated at the Muskegon Correctional Facility ("MCF"). The R & R was mailed to Petitioner at the MCF on May 4, 2005. The Judgment adopting the R & R was mailed on June 27, 2005, and returned to the court on July 5, 2005, indicating that Petitioner was no longer at the MCF. A document submitted by Petitioner in August 2004, showed his address as the Pugsley Correctional Facility. The Judgment was re-mailed to the Pugsley Correctional Facility, which is apparently where Petitioner is presently incarcerated. Petitioner, who is proceeding without benefit of counsel, has never filed a change of address with the court.

Federal Rule of Civil Procedure 60(b)(6) provides for relief from a judgment or order for any "reason justifying relief from the operation of the judgment." Considering there is no evidence to the contrary, the court presumes that Petitioner did not receive a copy of the R & R and was thereby deprived of the opportunity to file timely objections. Although it is the responsibility of all litigants, even those proceeding pro se, to keep the court informed of the litigant's current address, Theede v. U.S. Dep't of Labor, 172 F. 3d 1262, 1267 (10th Cir. 1999); Carey v. King, 856 F. 2d 1439, 1441 (9th Cir. 1988), the court concludes that the interests of justice would be best served by vacating the Judgment and affording Petitioner the opportunity to file his objections.

Generally, a party has ten days within which to file objections to a magistrate judge's recommended disposition. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b). This ten-day period runs after the party has been served with a copy of the recommended disposition, id., and may be extended by the court. Patterson v. Mintzes, 717 F. 2d 284, 286-87 (6th Cir. 1983). Because Petitioner was not served with a copy of the R & R, the ten-day period has not run. The period to

file objections will begin to run with service of this order on Petitioner.

Petitioner also states that the paralegal who is assisting him was transferred to the Kinross Correctional Facility. Because it will now be necessary to provide documents and communicate by mail, Petitioner asks the court to enlarge the time within which he must file objections. Under FED. R. CIV. P. 6(b) and W.D. Mich. L.Civ.R. 72.3(b), the court may enlarge the time period for filing objections. Accordingly, the court will grant Petitioner twenty days from the date of service of this order to file objections to the R & R.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Steven Lee Church's Motion for Relief from Judgment (dkt # 42) is GRANTED;

2. The Judgment Order Adopting Report and Recommendation (dkt. # 40) is VACATED;

3. The Clerk shall serve a copy of this order, together with a copy of the Report and Recommendation (dkt. # 39) on Petitioner at his current address at the Pugsley Correctional Facility;

4. Any objections to the Report and Recommendation must be filed and served by Petitioner within twenty days of service of this order. All objections are governed by W.D. Mich. L.Civ.R. 72.3(b). Failure to file timely objections may constitute a waiver of any further right to appeal. United States v. Walters, 638 F. 2d 947 (6th Cir. 1981); see Thomas v. Arn, 474 U.S. 140 (1985).

So ordered this 1st day of November, 2005.

      /s/ Wendell A. Miles
      Wendell A. Miles
      Senior U.S. District Judge